Peelle, J.,
delivered the opinion of the court:
This case, as the findings disclose, was first.referred to the court under the act of March 3, 1883, known as the Bowman Act, and the claimant having on a preliminary hearing been found loyal throughout the war of the rebellion, the case was tried on its merits and decided adversely to the claimant. (28 O. Ols. R, p. 57")
In respect of the claim for sugar and molasses the court, in its opinion (p. 60), said “ that where property was seized, as in this case, in hostile territory, as that portion of Louisiana ivas at the time of such seizure, and there is no evidence showing or tending to show, as there is not in this case, that such propel I y was used by the Army or Navy of the United States as stores and supplies, or other benefit derived therefrom to the United States, the presumption is that such seizure was not an appropriation for the use of the Army or Navy of the United States within the meaning of the fourth section of said act of March 3,1883 {supra), but was a destruction of property as an act of war, and the court, under the first clause of section 3 of said act, is without jurisdiction to ascertain and report the facts to Congress.”
The .language there used was a little strong in view of the *376 fact that tbe finding disclosed that the sugar and molasses bad been loaded on an army and navy transport on the Mississippi Biver, and hence the claimant could not thereafter be held responsible for any disposition made thereof.
As to the claim for the steamboat captured, which was subsequently sold at public auction, and on application therefor by the claimant to the Secretary of War the proceeds thereof were paid over to him, the court in its opinion said:
“ The claim before the Secretary, as disclosed by the claimant’s application, was not only for the proceeds of the vessel, but for its use; and we think the payment made was intended by the Secretary, and so understood and accepted by the claimant, in full of his claim, and that, being so, the claim was barred at the passage of the act of March 3,1883. Besides, we remark that the claimant’s measure of damages, if entitled to recover, would be only the value of the vessel at the time of capture, and such seems to have,been the view taken by the claimant when he applied to the Secretary to have said sum, etc., paid to him. But if the proceeds of the sale had been paid into the Treasury and the claimant had commenced proceedings to recover the same under the abandoned and captured property act, his recovery, if at all, would have been limited to the fund in the Treasury, and he, by his application to the Secretary of War, having prevented payment of the funds into the Treasury, could not now enlarge his measure of damages.”
When the case was heard on the claimant’s motion for a new trial, the court, in its opinion (29 C. Gis. B., 264-266), in speaking of the seizure of the sugar and molasses, said:
. “Ordinarily a claimant coining into this court under the Bowman Act is entitled to have the facts of his case found; but there are cases as to which the court is prohibited from exercising jurisdiction. Among these are cases which were barred when- the act passed and cases growing out of the civil war. An exception is made in the latter class in favor of ‘supplies or stores taken by or furnished to any part of the military or naval forces of the United State for their use.’ (Section 4.) If the property taken was sold and the proceeds directly or constructively went into the capture fund; or if the property taken was not taken for use, but to despoil the enemy, and no benefit, to the Government is affirmatively shown; or if the- property rvas damaged or destroyed, the court is without jurisdiction.” (Concord’s Case, 25 0. Cls. B., 433.)
In respect of the claim for the vessel and the claimant’s application for the proceeds of the sale thereof, the court said:
“Upon this application the Secretary, in effect, offered a compromise, that the proceeds be surrendered to the applicant *377 without further litigation upon the condition that he should surrender ‘all further claims against the United States for said boat.’ The terms proffered were accepted, the money was paid, and the compromise effected. That compromise barred the owner from again asserting a demand against the United States for the use of the boat, and the court is without jurisdiction to reopen the claim.”
Under section 14, act of March 3, 1887 (1 Supp. E. S., p. 559), the court is required to report to the House of Congress from which the resolution of reference comes “the facts in the case and the amount, where the same can be liquidated, including any facts bearing upon the question whether there has been delay or laches in presenting such claim.”
In compliance with the resolution of reference, we have found the facts and preceded the same with a full statement of the case for the information of Congress, and direct that the same, together with this opinion, be certified to the United States Senate in compliance with the act of 1887 (supra).